**FILED**

# UNITED STATES DISTRICT COURT
for the
Eastern District of California

JAN 17 2023

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

_____ Division

Daniel Lawrence McGarry

)
)
)
*Plaintiff(s)*
)
*(Write the full name of each plaintiff who is filing this complaint.*
)
*If the names of all the plaintiffs cannot fit in the space above,*
)
*please write "see attached" in the space and attach an additional*
)
*page with the full list of names.)*
)
-v-
)
)
Sacramento County D.D. A. Nick Johnson, Sacramento
)
County Superior Court, Yuba County Superior Court
)
)
)
_____
)
*Defendant(s)*
)
*(Write the full name of each defendant who is being sued. If the*
)
*names of all the defendants cannot fit in the space above, please*
)
*write "see attached" in the space and attach an additional page*
*with the full list of names. Do not include addresses here.)*

Case No. 2:23cv0102 TLN AC
*(to be filled in by the Clerk's Office)*
(PS)

Jury Trial: *(check one)* ☐ Yes ☑ No

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Non-Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Daniel Lawrence McGarry |
| Address | 1321 Upland Drive #961 |
| | Houston, TX, 77043 |
| | *City / State / Zip Code* |
| County | |
| Telephone Number | 916-410-7103 |
| E-Mail Address | dmcgarry1973@yahoo.com |

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Nick Johnson |
| Job or Title *(if known)* | Prosecutor |
| Address | 901 G Street |
| | Sacramento, CA, 95814 |
| | *City / State / Zip Code* |
| County | Sacramento County |
| Telephone Number | (916) 874-6218 |
| E-Mail Address *(if known)* | |

☐ Individual capacity  ☑ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | Sacramento County |
| Job or Title *(if known)* | |
| Address | |
| | Sacramento, CA, 95814 |
| | *City / State / Zip Code* |
| County | Sacramento |
| Telephone Number | |
| E-Mail Address *(if known)* | |

☐ Individual capacity  ☑ Official capacity

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non--Prisoner)

Defendant No. 3
Name: Yuba County
Job or Title (if known):
Address:
City: _____  State: CA  Zip Code: _____
County: Yuba
Telephone Number:
E-Mail Address (if known):

[ ] Individual capacity   [✓] Official capacity

Defendant No. 4
Name:
Job or Title (if known):
Address:
City: _____  State: _____  Zip Code: _____
County:
Telephone Number:
E-Mail Address (if known):

[ ] Individual capacity   [ ] Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against (check all that apply):

   [ ] Federal officials (a *Bivens* claim)

   [✓] State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?
The Due Process of Law clauses of the Fifth and Fourteenth Amendments to the United States Constitituion: (Right to An Adequate Appellate Record, Destruction of Exculpatory Evidence, Brady v. Maryland Violations, Right to An Appeal)

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.
See attachment I:D   page 1 of attachment

## III. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. Where did the events giving rise to your claim(s) occur?
Sacramento County Courthouse, Yuba County Courthouse

B. What date and approximate time did the events giving rise to your claim(s) occur?
I was convicted at a Sacramento Couty trial which occurred in the month of June of 2017. I timely filed an appeal thereafter. Younger abstention applies to pending state criminal prosecutions. The US Supreme Court writ of certiorari was pending until July 14, 2022. Under California decisional authority the conviction is not final until writ of certiorari is denied. Thus I assert that this claim is timely filed as being within 6 months of that date. Plaintiff maintains hediligently pursued the missing evidence. for

C. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*
see Attachment II: C   page 1 of attachment

## IV.   Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

I did not receive any physical injuries, but suffered heavy financial losses as a result of my conviction.

## V.   Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

See Attachment V   page 6 of attachment

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 1-17-23

Signature of Plaintiff

Printed Name of Plaintiff  DANIEL LAWRENCE MCGARRY

### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Address

*City*  *State*  *Zip Code*

Telephone Number
E-mail Address

Daniel McGarry
Appellant, In Pro Per
8420 Auburn Blvd.
Citrus Heights, CA 95610
(916) 410-7103

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# Attachment I: D:

The Prosecutor acted under color of law by representing the people of the State of California while presenting to the judge incriminatory evidence police report attachments (which the Sacramento County D.A.'s Office or its agents had cleaned of exculpatory evidence) in his motion to introduce evidence of uncharged acts. The Sacramento County Clerk failed to include these attachments in the appellate record, and then refused to allow me to file a motion seeking to discover evidence later found to have been held by Sacramento County. The Prosecutor would not turn over the attachments when requested. The Yuba County Clerk refused to allow me to review the record once it was transferred there, but while the case was on appeal.

# Attachment II: C

Plaintiff alleges that his appeal was constitutionally unfair due to the failure of the trial court to include the police report and photo attachments to the prosecution's motion to introduce uncharged acts into his trial. This was the only evidence submitted to the trial court in its decision to admit all three of the uncharged acts into Plaintiff's criminal trial. Without these documents he could never prove exactly what the court relied on in making its decision to admit these acts, and thus could not effectively raise these issues in his appeal. He alleges that he is the victim of the Sacramento County District Attorney's Office admitted policy of destroying exculpatory evidence relating to a specific incident, retaining inculpatory evidence of the exact same act, and then years later submitting to the court only inculpatory evidence, cleaned of the exculpatory statements and photos. Plaintiff alleges that he can produce an official reporter's transcript wherein Deputy D.A. Nick Johnson admits to the trial court that this is the

policy of the County, and that was his explanation of where Plaintiff claimed exculpatory evidence went to. He stated that the D.A.'s office decides which evidence is a "keeper" and which isn't. D.A. Johnson admitted that his office decides which evidence is a "keeper" and which isn't "for whatever reason." Plaintiff alleges that the D.A.'s office destroyed exculpatory photos and statements, relating to the three uncharged acts which the trial court allowed to be introduced into evidence. He is also the victim of Sacramento County Court's policy of citing C.R.C. 4.530 and claiming all jurisdiction has been transferred out of that county, and thus not allowing the filing of any motion to discover evidence held by the Sacramento County after probation has been transferred to another county. Sacramento County has a policy of retaining exhibits introduced during trial, while mailing the rest of the court's files to another county when probation is transferred. Further Sacramento County has a policy of notifying trial counsel, but not appellate counsel, of the existence of exhibits used at trial, while the matter is pending before the US Supreme Court and a further policy of allowing the prosecutor to elect to destroy prosecution exhibits while the while the matter is pending before the US Supreme Court, and without ever giving the slightest chance for review of the evidence by Appellate Counsel. Plaintiff alleges that he can prove by a preponderance of the evidence that the subject missing evidence was mistakenly lodged as a prosecutor's exhibit, and destroyed at the request of the prosecutor in 2022, while the case was pending before the US Supreme Court, and without the slightest chance for Plaintiff to ever have discovered them.

Although admittedly made primarily in the reply of his appeal, Plaintiff has already made factual assertions in his Opening and Reply Appellate Briefs which can only be substantiated as true by citation to the record, and although these documents are referred to clearly in the record, for whatever reason the Superior Court clerk did not include them in the Appellate Transcript. The issues can only be reviewed on appeal if the attached police reports upon which the trial court relied were made part of the

2

appellate record.

The trial court held a hearing just prior to the subject trial wherein it ruled that this uncharged conduct would be admissible.

> "During the admission hearing for these two uncharged acts, the Court was provided with copies of the police reports relating to the James and Hrnic incidents. (RT 103, 9-25).The DA states that in regards to the police reports and the accompanying police photos included with them: "What we have in the police reports is everything we have" (RT 104, 26-27). The judge states that the police reports "have been marked as Court's 1, 2, 3" (RT 105, 17). Therefore it is crystal clear that the Trial Court ruled on the admissibility of the uncharged acts based solely on the police reports."
> *(AOB 9)*

Plaintiff Daniel McGarry submits that he is now in possession of the subject police report attachments, and that they are the true and correct copies of Court's Exhibits 1, 2, and 3.

Appellant was dilligent in attempting to locate the subject documents. He tried scouring the record in Yuba County where the trial transcript has now been transferred to. Further he attempted to retrieve the police reports from the DA on the case, Nick Johnson several times by email, letter, phone call, and even officially serving his office with a formal request for the production of the documents. However, Mr. Johnson never responded in any way to his requests.

Section 1983 creates a private right of action against individuals who, acting under color of

3

state law, violate federal constitutional or statutory rights." <u>Devereaux v. Abbey</u>, <u>263 F.3d 1070, 1074</u> (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." <u>Graham v. Connor</u>, <u>490 U.S. 386, 393-94</u> (1989) (internal quotation marks and citations omitted). "To establish <u>§ 1983</u> liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." <u>Tsao v. Desert Palace, Inc.</u>, <u>698 F.3d 1128, 1138</u> (9th Cir. 2012).

Civil claims seeking damages for constitutional violations arising in the criminal-justice process require the plaintiff to show "favorable termination," meaning the criminal proceedings were terminated in favor of the accused (the plaintiff in the subsequent civil action) Heck v. Humphrey, 512 U.S. 477 (1994). However, Petitioner's herein raised claims are based solely upon the issues that he could not have effectively raised on appeal due to the unavailability of evidence during that time period. This evidence

The general rule of law is that a Brady violation will not succeed merely by showing that evidence was destroyed by government agents. **The criminal defendant must show that the evidence was exculpatory.** The problem that petitioner had in relation to the uncharged acts alleged by the prosecution was that because the appellate record did not contain the subject police report attachments, thus he could never prove what was before the trial court in deciding to admit the uncharged acts.

THUS, THE JIST OF PETITIONER'S CLAIM IS THAT HIS ENTIRE **APPEAL** WAS RENDERED CONSTITUTIONALLY INVALID DUE TO HIS INABILITY TO PRODUCE EVIDENCE OF WHAT SHOULD HAVE BEEN INCLUDED IN THE APPELLATE RECORD AS A MATTER OF LAW.

THE SACRAMENTO COUNTY SUPERIOR COURT EVADED EFFECTIVE REVIEW OF ITS JUDGMENT BY FAILING TO INCLUDE WITHIN THE APPELLATE RECORD

HOW CAN THERE BE A REQUIREMENT THAT THERE BE A FAVORABLE TERMINATION TO THE CRIMINAL PROCEEDINGS WHEN THE APPEAL ITSELF IS WHAT WAS RENDERED UNFAIR?

EVEN FURTHER, HOW CAN THIS COURT DENY RELIEF WHEN DOING SO WOULD EFFECTIVELY REWARD A PROSECUTOR FOR HIS EFORTS IN THWARTING THE DISCOVERY OF HIS MISCONDUCT BY FAILING TO TURN OVER THE SUBJECT DOCUMENTS?????? Plaintiff alleges that he requested DOING SO WOULD REWARD THE PROSECUTOR'S BAD FAITH ACTIONS TO THWART THE INTRODUCTION OF NECESSARY EVIDENCE INTO THE APPELLATE RECORD WHICH WOULD HAVE REVEALED HIS MISCONDUCT.

Planitiff swears the following under penalty of perjury:

4

I was repeatedly denied the ability to file any motion attempting to obtain the subject missing attachments in Sacramento County. The clerks there informed me that I would not be able to file any motion unless it pertained solely to financial matters, as all jurisdiction is transferred when the probation is transferred pursuant to Cal. Rule of Court 4.530.

I learned a few months ago 2022 that Sacramento County retained all of the "exhibits" in the case apparently according to some unwritten policy. Sacramento County kept all of the "exhibits" in the case, yet denied me the right to file anything attempting to discover any record in the case. Sacramento County did not notify me of anything, but instead notified my trial counsel. I only learned of it after the fact when my trial counsel mentioned it to me. She told me she received a letter telling her that the "exhibits" used at trial

The prosecutor had already ordered the "exhibits" destroyed, so I will never know if the missing police report attachments were included in these destroyed exhibits or not.

It seems quite likely that the missing police report attachments were probably included in the destroyed exhibits.

### Habeas Review was not possible:

This case contains an interesting wrinkle, his right to relief by way of writ of habeas corpus was extinguished by the **unnoticed ex-parte** termination of his probation in January of 2021 in Yuba County Superior Court. Petitioner later made an objection to this termination, when he filed a motion to be reinstated on probation so as to be allowed to file a habeas petition based on his claim that the lack of notice of the termination of probation effectively violated his right to file a habeas petition, and thus violated federal due process by terminating a substantial constitutional right without notice. This occurred before the discovery of the subject evidence, but while the appeal was still pending before the third district court of appeal.

This leaves the Petitioner with no adequate remedy for bad faith actions of a District Attorney's Office in **A POLICY OF DESTROYING EXCULPATORY EVIDENCE, and effectively rewards a prosecutor's BAD FAITH EFFORTS TO THWART THE INCLUSION IN THE APPELLATE RECORD THAT WOULD HAVE REVEALED HIS MISCONDUCT.** There is a tremendous public interest in bring to light information about bad faith efforts of prosecutors.

Failure to hear this petition would also effectively reward various governmental authorities who thwarted his discovery of the subject evidence.

5

# **Attachment V**

I wish to have Sacramento Superior Court to be ordered to dismiss my conviction in the interests of justice, or to allow a fair hearing regarding the herein raised issues, with a chance to dismiss the conviction fully.

I wish for this court to set aside my conviction in the interests of justice.

I wish for a judgment due to loss of income as a result of this conviction. I lost my professional licenses due to this conviction, and have suffered direct losses due to this in the amount of $52,800 thus far. Damages continue to accrue and may eventually exceed $400,000.

I wish for punitive damages against the County of Sacramento in the amount of $100,000 for the bad faith actions of their prosecutors and their agents as alleged herein. This is necessary to dissuade them and other counties from pursuing such unlawful actions in the future.

I wish for an injuction and/or declaratory relief against Sacramento County District Attorney's Office to stop their openly stated and admitted policy of destroying exculpatory evidence, but then clearly preserving inculpatory evidence against a potential defendant for the exact same incident, then later presenting only the inculpatory evidence against such defendant to the court. (Just as occurred in my case)

I wish for an injuction, order and/or declaratory relief against Sacramento County forbidding them from retaining exhibits in a case that is on appeal, and failing to notify to notify appellate counsel of their existence and location. (Just as occurred in my case)

I wish for an injuction, order and/or declaratory relief against Sacramento County forbidding them from retaining exhibits in a case that is on appeal, and then refusing to allow a motion to be filed in their county to discover their contents by incorrectly following C.R.C. 4.530. (Just as occurred in my case.)

I wish for an injuction, order and/or declaratory relief against Sacramento County forbidding them from destroying exhibits in a case that has become final after appeal, without notifying appellate counsel. (Because a judgment is not considered final when it is still pending before the U.S. Supreme Court, Sacramento County destroyed exhibits in my case before the judgment became final.)

I wish for an injuction, order and/or declaratory relief against Sacramento County forbidding them from destroying exhibits in a case that is currently pending before the United States Supreme Court.

I wish for an injuction and/or declaratory relief against Yuba County, forbidding them from denying pro-per defendants from reviewing their own court record when they are appealing their conviction. (Just as occurred in my case.)

6

I wish for a declaration of the rights of criminal defendants in the State of California, and all of its counties, allowing jurisdiction (derived from the US Constitution) for the direct filing a motion to discover evidence held in any county that pertains to a pending appeal, regardless of the transfer of probation to another county, and regardless of the transfer of: "all jurisdiction" of the case pursuant to California Rule of Court 4.530. (I assert that the US Constitution provides jurisdiction for the filing of such a motion.)

I wish for the herein alleged actions of Sacramento County D.D.A. Nick Johnson be reported to the State Bar of California for investigation of prosecutorial misconduct.