UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL LAWRENCE McGARRY, <br><br> Plaintiff, <br><br> v. <br><br> NICK JOHNSON, et al., <br><br> Defendants. | No. 2:23-cv-00102 DJC AC (PS) <br><br> FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this matter pro se, and pre-trial proceedings are accordingly referred to the undersigned pursuant to Local Rule 302(c)(21). Pending before the court is defendants' motion to dismiss. ECF No. 10. Plaintiff opposes the motion. ECF No. 14. Defendants submitted a reply brief. ECF No. 15. Having considered all the arguments presented, the undersigned recommends that the motion be granted.

**I. Background**

Plaintiff filed a complaint against prosecutor Nick Johnson, Sacramento County, and Yuba County, alleging pursuant to 42 U.S.C. § 1983 that his due process rights were violated during the prosecution of his state court criminal case. ECF No. 1 at 2-7. Plaintiff paid the filing fee, id., so the complaint was not subject to screening under 28 U.S.C. § 1915(e)(2). Plaintiff alleges that the Sacramento County Clerk failed to include certain attachments in his appellate record, and that the Sacramento County Superior Court evaded effective review of its judgment

by failing to include key evidence in the appellate record. Id. at 10. Plaintiff alleges that there are unconstitutional County policies which impacted the handling of exhibits in his criminal prosecution and appeal. Id. All defendants move to dismiss. ECF No. 10. Defendants argue that all claims related to prosecutorial conduct are barred by absolute immunity, and that the claims against the County of Yuba and Sacramento County fail as a matter of law. ECF No. 10.[1]

## II. Analysis

### A. Legal Standard Governing Motions to Dismiss

"The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint." N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

To survive dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). It is insufficient for the pleading to contain a statement of facts that "merely creates a suspicion" that the pleader might have a legally cognizable right of action. Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed. 2004)). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

---

[1] Defendants initially argued plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994), but they expressly abandoned this argument in their reply brief, and so the court does not address it. ECF No. 15 at 2, n.1. Defendants also make a cursory argument that the case is a collateral attack on underlying criminal proceedings, citing caselaw having to do with collateral attacks on administrative proceedings. ECF No. 10 at 2. The court is unpersuaded that this caselaw is applicable.

In reviewing a complaint under this standard, the court "must accept as true all of the factual allegations contained in the complaint," construe those allegations in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 131 S. Ct. 3055 (2011); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010). However, the court need not accept as true legal conclusions cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice. See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Pro se complaints are construed liberally and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014). The court's liberal interpretation of a pro se complaint, however, may not supply essential elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992). A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

### B.  Defendant Johnson is Entitled to Absolute Immunity

Prosecutors acting within the scope of their quasi-judicial duties as advocates for the state are immune from civil suits for damages under Section 1983. Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976). This immunity applies to the initiation and presentation of a criminal prosecution and the evidence used in that prosecution. Even charges of malicious prosecution, falsification of evidence, coercion of perjured testimony and concealment of exculpatory evidence must be dismissed on grounds of prosecutorial immunity. See Stevens v. Rifkin, 608 F. Supp. 710, 728 (N.D. Cal. 1984) (citing, inter alia, Imbler, 424 U.S. 409). Such prosecutorial immunity is absolute. Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993) (immunity absolute when claims

involve acts undertaken by the prosecutor in preparing for the initiation of judicial proceedings and during the course of his role as an advocate).

The complaint in this case alleges that Nick Johnson, while prosecuting the criminal case against plaintiff, failed to disclose exculpatory evidence and destroyed records. ECF No. 14 at 5. Such claims are clearly barred by prosecutorial immunity. Plaintiff does not address the issue of prosecutorial immunity in his opposition to the motion to dismiss. The court finds plaintiff's claims against defendant Johnson are barred by prosecutorial immunity and must be dismissed.

### C. Plaintiff's Monell Claims Fail

Local governments "may not be sued under § 1983 for an injury inflicted solely by its employees or agents." Monell v. Dep't of Soc. Servs. of New York, 436 U.S. 658, 694 (1978). Though "municipalities and other local government units ... [are] among those persons to whom § 1983 applies," Monell, 436 U.S. at 690, "a municipality can be liable under § 1983 only where its policies are the 'moving force [behind] the constitutional violation,'" City of Canton v. Harris, 489 U.S. 378, 389 (1989) (alteration in original) (quoting Monell, 436 U.S. at 694 and Polk County v. Dodson, 454 U.S. 312, 326 (1981)). To state a cognizable claim under Monell, a plaintiff must plead "(1) that the plaintiff possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiffs constitutional right; and, (4) that the policy is the moving force behind the constitutional violation." Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011). Further, the policy at issue must be the result of a decision of a person employed by the entity who has final decision- or policymaking authority. Monell, 436 U.S. at 694. There must be "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." Id. at 385.

Here, the complaint alleges that a Sacramento County Clerk failed to include evidentiary attachments on appeal, and a Yuba County Clerk refused to allow plaintiff to review the court record. ECF No. 1 at 7. These allegations do not implicate any policy of either county. Further, "[c]ourt clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." Mullis v. U.S. Bankr.

4

Ct. for Dist. of Nevada, 828 F.2d 1385, 1390 (9th Cir. 1987). Indeed, "a mistake or an act in excess of jurisdiction does not abrogate judicial immunity, even if it results in 'grave procedural errors.'" Id. No cause of action under §1983 can arise out of the actions of the court Clerks.

Plaintiff's complaint also attacks what he alleges to be county policies, but to the extent any policies are identified they relate directly to the conduct of the district attorney's office. For example, plaintiff argues that Sacramento County has a policy of retaining exhibits introduced during trial while mailing the rest of the courts files to another county when probation is transferred. ECF No. 1 at 8. Plaintiff also alleges that Sacramento County has a policy of notifying trial counsel, but not appellate counsel, of the existence of exhibits used at trial while the matter is on appeal, and a further policy of allowing prosecutors to elect to destroy exhibits without giving appellate counsel a chance to review them. Id. While categorized as County policies, the substance of the allegations goes directly to the handling of exhibits by the district attorney and the district attorney's office with respect to plaintiff's criminal prosecution and appeal.

It is well established that district attorneys of California in their official capacities are arms of the State and that there is no relief available in §1983 for their actions or policies. See, e.g., Weiner v. County of San Diego, 210 F.3d 1025, 1031 (9th Cir. 2000) ("[T]he San Diego County district attorney was acting as a state official in deciding to proceed with Weiner's criminal prosecution. Weiner's § 1983 claim against the County, therefore, fails. The County was not the actor; the state was."); Jackson v. Barnes, 749 F.3d 755, 767 (9th Cir. 2014) ("Jackson alleges, in effect, that the District Attorney's Office is liable for Murphy's unlawful prosecutorial conduct. The District Attorney's Office, however, acts as a state office with regard to actions taken in its prosecutorial capacity, and is not subject to suit under § 1983."). Because plaintiff's Monell claims are substantively based on policies of the Office of the District Attorney, not the Counties in which they are situated, plaintiff fails to state a claim.

Finally, plaintiff contends Yuba County has a "policy of terminating probation without notice in an ex parte hearing, thus terminating plaintiff's right to file a habeas petition[.]" ECF No. 15 at 3. Plaintiff has not identified a constitutional right to remain on probation (as opposed

to being fully free in the community) and the court is aware of none.[2]  For this reason, plaintiff does not state a claim upon which relief can be granted.

### III.  No Leave to Amend

Plaintiff's complaint is fatally flawed because it makes claims against immune defendants and fails to identify any cognizable basis for municipal liability.  The facts presented make clear that no amendment can remedy this defect.  Though a pro se plaintiff is generally entitled to an opportunity to correct defects in a complaint by amendment, that step is not appropriate where, as here, the defects cannot be cured.  Noll, 809 F.2d at 1448.

### IV.  Pro Se Plaintiff's Summary

It is being recommended that defendants' motion to dismiss be granted and that your case be dismissed, because you are suing defendants who are immune from suit, and because your claims against the counties are based on actions taken by the State in the prosecution of your criminal case.  Lave to amend is not being recommended because the problems with your complaint cannot be fixed by adding more facts.  You have 21 days to object to this recommendation.

### V.  Conclusion

Accordingly, the undersigned recommends that defendants' motion to dismiss (ECF No. 10) be GRANTED and that this case be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to

////

///

---

[2] Plaintiff is not alleging that his probation was revoked, and that he was subsequently returned to custody; he is alleging that his probation was terminated.

appeal the District Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: October 12, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE